UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dr. Tara Gustilo, M.D., | 0:22-CV-00352/SRN-HB |
| Plaintiff, | **ANSWER** |
| v. | |
| Hennepin Healthcare System, Inc., | |
| Defendant. | |

Defendant Hennepin Healthcare System, Inc. (HHS) denies each and every allegation in Plaintiff's Complaint, except as expressly admitted in this Answer; and states and alleges as follows:

## PARTIES

1. Admits the allegations of paragraph 1.

2. Admits that HHS is a subsidiary of Hennepin County, see Minn. Stat. § 383B.901, but states that the official address is 701 Park Ave., Minneapolis, MN 55415.

## JURISDICTION AND VENUE

3. Admits the allegations of paragraph 3.

4. Admits the allegations of paragraph 4.

5. Admits the allegations of paragraph 5.

## FACTUAL ALLEGATIONS

6. Upon information and belief, admits the allegations of paragraph 6.

7. Admits the allegations of paragraph 7.

8. Admits the allegations of paragraph 8.

9. Defendant lacks sufficient information or knowledge to admit or deny whether at the time Dr. Gustilo moved to Minneapolis she had a broad range of experience in the medical field serving a diverse range of patients; otherwise admits the allegations of paragraph 9.

10. Denies that the HHS Board of Directors is entirely made up of County Commissioner, rather the HHS Board of Directors has only two members who are County Commissioners. See Minn. Stat. § 383B.903, subd. 1. Otherwise admits the remaining allegations of paragraph 10.

11. Admits the allegations of paragraph 11, except notes that in January 2008, Dr. Gustilo became an employee of Hennepin Faculty Associates, it was not until January 2012 that she became an employee of HHS.

12. Admits the allegations of paragraph 12.

13. Admits the allegations of paragraph 13.

14. Admits the allegations of paragraph 14.

15. Admits the allegations of paragraph 15.

16. Admits that Dr, Gustilo had one of the highest patient satisfaction rates; but denies the remaining allegations of paragraph 16.

17. Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations in paragraph 17.

18. Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations in paragraph 18, and further states that these allegations are immaterial

under Fed. R. Civ. P. 12(f).

19. Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations in paragraph 19, including all of its subparts, and further states that these allegations are immaterial under Fed. R. Civ. P. 12(f) and are asserted only to advance the political agenda of Dr. Gustilo and her counsel.

20. Admits the allegations of paragraph 20.

21. Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations in paragraph 21, and further states that these allegations are immaterial under Fed. R. Civ. P. 12(f).

22. Admits only that Dr. Gustilo wrote a letter in July 2020 to HHS's CEO and Board of Directors and states that the letter speaks for itself, but otherwise denies the remaining allegations of paragraph 22.

23. Denies the allegations of paragraph 23.

24. Denies the allegations of paragraph 24.

25. Denies the allegations of paragraph 25.

26. Admits the allegations of paragraph 26.

27. Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations in paragraph 27.

28. Admits the allegations of paragraph 28.

29. Admits the allegations of paragraph 29.

30. Admits only that Dr. Gustilo indicated her disagreement with the Department supporting an event which included participants from Black Lives Matter, but otherwise

denies the remaining allegations of paragraph 30.

31. Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations in paragraph 31.

32. Admits the allegations of paragraph 32, except notes that only Dr. Hoody and Dr. Hilden suggested to Dr. Gustilo that using a disclaimer was one mechanism through which she could make clear that she was expressing her personal views and not those of HHS.

33. With respect to the allegations of paragraph 33, admits only that some of her Facebook posts criticize CRT and aspects of the Black Lives Matter movement.

34. Defendant lacks sufficient information or knowledge to admit or deny the truth of the allegations in paragraph 34.

35. Admits only that Dr. Hoody and Dr. Hilden met with Dr. Gustilo on October 5, 2020, but denies that a representative from Human Resources participated in that meeting, but otherwise denies the remaining allegations of paragraph 35.

36. Admits only that Dr. Gustilo was informed at various times that members of her department had indicated that they were afraid of her and denies the remaining allegations of paragraph 36.

37. Admits that Dr. Gustilo asked for specific examples, otherwise denies the remaining allegations of paragraph 37.

38. Admits only that Dr. Gustilo was informed that her staff was "afraid" to talk to her, but otherwise denies the remaining allegations of paragraph 38.

39. With respect to the allegations in paragraph 39, denies that HHS hired a human

resources firm to "investigate" Dr. Gustilo, but rather states that HHS hired a consultant to do an environment study of the OB/GYN Department in an effort to try to promote harmony in the Department.

40. Denies that the consultant's report was an "**Investigative** Summary"; otherwise admits the remaining allegations of paragraph 40.

41. Denies that the consultant's report was an "**Investigative** Summary"; otherwise admits the remaining allegations of paragraph 41.

42. Denies the allegations of paragraph 42.

43. Denies the allegations of paragraph 43.

44. Denies the allegations of paragraph 44.

45. Admits that Dr. Gustilo appeared on an HHS billboard in downtown Minneapolis, but otherwise denies the remaining allegations of paragraph 45.

46. Admits only that Dr. Gustilo had at times been lauded for her passion, but otherwise denies the remaining allegations of paragraph 46.

47. Denies the allegations of paragraph 47.

48. Denies the allegations of paragraph 48, and states that the lack of insight pointed out to Dr. Gustilo was with respect to, for example, the impact of her injecting her own political beliefs into the workplace and not appreciating the power differential she had over her subordinates.

49. Admits only that the medical providers in her department sent a memorandum dated March 8, 2021, to Dr. Gustilo indicating that they no longer trusted her or had faith in her leadership, but otherwise denies the remaining allegations of paragraph 49 and

notes that the memorandum speaks for itself.

50. Admits the allegations of paragraph 50.

51. Admits the allegations of paragraph 51.

52. Admits the allegations of paragraph 52.

53. Admits the allegations of paragraph 53 and notes that the Medical Executive Committee (MEC) vote to remove Dr. Gustilo was 25 in favor and 1 against and that the only vote against removal was cast by Dr. Gustilo herself.

54. Admits the allegations of paragraph 54, except notes that the Board of Directors' vote was on April 28, 2021.

55. Admit the allegation of paragraph 55.

56. Denies the allegations of paragraph 56, and notes that Dr. Gustilo was provided with voluminous documentation as part of the process leading up to the hearing before the MEC regarding removing her as Chair, and prior to that process commencing as well.

57. Denies the allegations of paragraph 57.

58. Denies the allegations of paragraph 58.

59. Denies the allegations of paragraph 59, and state Dr. Gustilo was advised that it was her injecting her political views into the workplace, including trying to persuade her subordinates and others that her political views were correct, that was a contributing factor to her inability to lead the department.

60. Denies the allegations of paragraph 60, except states that after Dr. Gustilo's removal as Chair, her salary was $ 345,000.

61. Denies the allegations of paragraph 61.

62. Denies the allegations of paragraph 62.

63. Admits only that the HHS Board of Directors removed Dr. Gustilo as Chair of the department, but otherwise denies the remaining allegations of paragraph 63.

64. Admits the allegations of paragraph 64.

65. Admits only that Exhibit A to Plaintiff's Complaint is a true and correct copy of HHS's Position Statement submitted to the EEOC in Response to the EEOC Charge. Otherwise denies the remaining allegations of paragraph 65, and notes that the response is replete with legitimate non-discriminatory reasons for Dr. Gustilo's demotion, and in any event, the document speaks for itself.

66. Admits only that HHS did submit as an exhibit to its Response to the EEOC Charge a memorandum dated March 7, 2017, from two Human Resources managers to Dr. Gustilo, and the document speaks for itself. In addition, the paragraph under the heading "Providing Feedback and Support" on page two does specifically raise issues regarding Dr. Gustilo herself. Otherwise denies the remaining allegations of paragraph 66

67. Admits that the March 7, 2017, memorandum contains the quoted words, but otherwise denies the remaining allegations of paragraph 67 and states that the report speaks for itself.

68. Denies the allegations of paragraph 68.

69. Denies the allegations of paragraph 69.

70. Denies the allegations of paragraph 70.

71. Admits the allegations of paragraph 71.

72. Denies the allegations of paragraph 72, except states that the Interim Chair asked

Dr. Gustilo and a number of other senior providers to share with the department how they approached their clinic duties.

73. Denies the allegations of paragraph 73, except states that Dr. Gustilo was one of a number of senior providers asked to share with the department how they approached their clinic duties, also states that Dr. Gustilo's performance/productivity is at the department average and that all of the department providers, including Dr. Gustilo, generally receive positive comments from their patients.

## Causes of Action
### COUNT I – TITLE VII RACIAL DISCRIMINATION

74. With respect to paragraph 74, Defendant HHS incorporates its previous responses.

75. Admits the allegations of paragraph 75.

76. Denies the allegations of paragraph 76.

77. Denies the allegations of paragraph 77 and states the reduction in salary was $148,293, though approximately $60,000 of the reduction was due to Dr. Gustilo declining on-call duties.

78. Denies the allegations of paragraph 78, including all of its subparts.

79. Denies the allegations of paragraph 79.

80. Denies the allegations of paragraph 80.

### COUNT II – RETALIATION UNDER TITLE VII

81. With respect to paragraph 81, Defendant HHS incorporates its previous responses.

82. Denies the allegations of paragraph 82.

83. Denies the allegations of paragraph 83.

84. Denies the allegations of paragraph 84.

85. Denies the allegations of paragraph 85.

86. Denies the allegations of paragraph 86, except states that the Interim Chair asked Dr. Gustilo and a number of other senior providers to share with the department how they approached their clinical duties, i.e., the duties of line staff as opposed to managerial duties.

87. Denies the allegations of paragraph 87.

88. Denies the allegations of paragraph 88.

## COUNT III – 42 U.S.C. § 1983 Deprivation of Rights
### (First Amendment Retaliation)

89. With respect to paragraph 89, Defendant HHS incorporates its previous responses.

90. Denies the allegations of paragraph 90.

91. Admits the allegations of paragraph 91.

92. Denies the allegations of paragraph 92.

93. Denies the allegations of paragraph 93.

94. Denies that removing Dr. Gustilo as department Chair was a "policy" of HHS, but otherwise admits the allegations of paragraph 94.

95. Denies the allegations of paragraph 95.

96. Denies the allegations of paragraph 96.

97. Denies the allegations of paragraph 97.

## COUNT V – RACIAL DISCRIMINATION
## UNDER THE MINNESOTA HUMAN RIGHTS ACT

98. With respect to paragraph 98, Defendant HHS incorporates its previous responses.

99. Admits the allegations of paragraph 99.

100. Denies the allegations of paragraph 100.

101. Admits the allegations of paragraph 101.

102. Admits the allegations of paragraph 102.

103. Denies the allegations of paragraph 103.

104. Denies the allegations of paragraph 104, except states that the Interim Chair asked Dr. Gustilo and a number of other senior providers to share with the department how they approached their clinical duties, i.e., the duties of line staff as opposed to managerial duties.

105. Denies the allegations of paragraph 105.

106. Denies the allegations of paragraph 106.

107. Denies the allegations of paragraph 107.

**COUNT – VI REPRISAL UNDER THE MINNESOTA HUMAN RIGHTS ACT**

108. With respect to paragraph 108, Defendant HHS incorporates its previous responses.

109. Denies the allegations of paragraph 109.

110. Denies the allegations of paragraph 110.

111. Denies the allegations of paragraph 111.

**AFFIRMATIVE DEFENSES**

Plaintiff's claims are barred in whole or in part by the following Defenses which Defendant HHS hereby asserts:

1. Plaintiff's allegations fail to state a claim upon which relief may be granted.

2. Plaintiff's claims are barred by qualified immunity.

3. Plaintiff's claims are barred by official and/or discretionary immunity.

4. Plaintiff's claims barred by the equitable doctrines of waiver, estoppel laches and unclean hands.

5. Plaintiff has failed to mitigate her damages.

**WHEREFORE**, Defendant HHS requests that the Court enter judgment in favor of it against Plaintiff, that Plaintiff's Complaint be dismissed in its entirety with prejudice and the Court award Defendant HHS its costs and disbursements, including reasonable attorney's fees and that the Court enter such other relief as it may deem appropriate.

Respectfully submitted,

MICHAEL O. FREEMAN
Hennepin County Attorney

Dated: March 1, 2022

*s/ Martin D. Munic*
By:_____
MARTIN D. MUNIC (16043X)
Sr. Assistant County Attorney
MATTHEW S. FRANTZEN (332793)
Assistant County Attorney
2000A Government Center, MC200
300 South Sixth Street
Minneapolis, MN 55487
Telephone: (612) 348-5334/(612) 596-0075
FAX No: (612) 348-8299
Martin.Munic@hennepin.us
Matthew.Frantzen@hennepin.us
Attorneys for Hennepin Healthcare System, Inc.