UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dr. Tara Gustilo, M.D., | 22-CV-00352 (SRN-DJF) |
| Plaintiff, | |
| v. | **DECLARATION OF KATLYN LYNCH IN SUPPORT OF DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND MOTION TO LIMIT DISCOVERY** |
| Hennepin Healthcare System, Inc. | |
| Defendant. | |

I, Katlyn J. Lynch, make this declaration pursuant to 28 U.S.C. § 1746:

1. I am a Senior Assistant County Attorney in the Civil Division of the Hennepin County Attorney's Office. I represent Defendant Hennepin Healthcare System, Inc. ("HHS") in this case. I make this declaration of my personal knowledge in that capacity.

2. Attached as **Exhibit 1** is a true and correct copy of Section 9.5 of the HHS Medical Staff Bylaws which were in effect when HHS removed Plaintiff from her position as chair of the OB/GYN department. This document has been produced in discovery in this lawsuit.

3. Attached as **Exhibit 2** is a true and correct copy of an April 21, 2021, memorandum from Dr. David Hilden, then-Vice President of Medical Affairs, to the HHS Board regarding the HHS Medical Executive Committee's ("MEC") recommendation to remove Plaintiff from her

1

position as chair of the OB/GYN department. This document has been produced in discovery in this lawsuit.

4. Attached as **Exhibit 3** is a true and correct copy of minutes from the April 13, 2021, MEC meeting in which the MEC voted to recommend removing Plaintiff from her position as chair of the OB/GYN department. This document has been produced in discovery in this lawsuit.

5. Attached as **Exhibit 4** is a true and correct copy of minutes from the April 28, 2021, meeting of the HHS Board of Directors in which the Board voted unanimously to remove Plaintiff from her position as chair of the OB/GYN department. This document has been produced in discovery in this lawsuit.

6. Attached as **Exhibit 5** is a true and correct copy of email correspondence between Plaintiff and others dated November 17, 2020, regarding Plaintiff's involvement in the climate study conducted by Human System Dynamics Institute. This document has been produced in discovery in this lawsuit.

7. Attached as **Exhibit 6** is a true and correct copy of Plaintiff's May 27, 2022, Rule 26(A)(1) Initial Disclosures.

8. Attached as **Exhibit 7** is a true and correct copy of Defendant's May 27, 2022, Rule 26(A)(1) Initial Disclosures.

9. Attached as **Exhibit 8** is a true and correct copy of Plaintiff's October 3, 2022, 30(b)(6) Deposition Notice of Hennepin Healthcare System, Inc.

10. Attached as **Exhibit 9** is a true and correct copy of email correspondence between counsel dated October 11 and 12, 2022, regarding Plaintiff's 30(b)(6) deposition notice.

11. Attached as **Exhibit 10** is a true and correct copy of Defendant's October 28, 2022, Response to Plaintiff's Rule 30(b)(6) Deposition Notice.

12. Attached as **Exhibit 11** is a true and correct copy of email correspondence between counsel dated October 28, 2022, through November 3, 2022, regarding Plaintiff's 30(b)(6) deposition notice and other discovery matters.

13. Attached as **Exhibit 12** is a true and correct copy of email correspondence between counsel dated October 28, 2022, through November 9, 2022, regarding Plaintiff's 30(b)(6) deposition notice and other discovery matters.

14. Attached as **Exhibit 13** is a true and correct copy of email correspondence between counsel dated October 28, 2022, through November 17, 2022, regarding Plaintiff's 30(b)(6) deposition notice and other discovery matters.

15. Attached as **Exhibit 14** is a true and correct copy of email correspondence between counsel dated January 23, 2023, through February 10, 2023, regarding Plaintiff seeking to increase the deposition limit so that she could depose all 26 MEC members.

16. Attached as **Exhibit 15** is a true and correct copy of email correspondence between counsel dated February 27, 2023, through March 1, 2023, regarding Plaintiff's 30(b)(6) deposition notice and other discovery matters.

17. Attached as **Exhibit 16** is a true and correct copy of email correspondence between counsel dated March 7 through March 8, 2023, regarding Plaintiff's 30(b)(6) deposition notice and the scheduling of MEC depositions.

18. Attached as **Exhibit 17** is a true and correct copy of email correspondence between counsel dated March 7 through March 10, 2023, regarding Plaintiff's 30(b)(6) deposition notice and the scheduling of MEC depositions.

19. Attached as **Exhibit 18** is a true and correct copy of email correspondence between counsel dated March 7 through March 13, 2023, in which Plaintiff promised to send her proposal for designating prior fact testimony to serve as 30(b)(6) testimony.

20. Attached as **Exhibit 19** is a true and correct copy of Plaintiff's March 14, 2023, Amended 30(b)(6) Deposition Notice of Hennepin Healthcare System, Inc. This Amended Notice is virtually identical to the original October 3, 2022 Notice, and did not reflect or respond to the parties' several discussions related to topics that had been resolved or otherwise respond to Defendant's objections dated October 28, 2022.

21. Attached as **Exhibit 20** is a true and correct copy of Defendant's March 24, 2023, Supplemental Response and Objections to Plaintiff's Rule 30(b)(6) Deposition Notices.

22. Attached as **Exhibit 21** is a true and correct copy of email correspondence from Plaintiff's counsel dated March 28, 2023, regarding her proposal to designate prior fact testimony to serve as 30(b)(6) testimony and her response to Defendant's March 24 Supplemental Response and Objections to Plaintiff's Rule 30(b)(6) Deposition Notices.

23. Attached as **Exhibit 22** are true and correct copies of excerpts from the transcript of Jennifer Hauff's November 16, 2022 deposition, and a true and correct copy of Exhibit 2 that was used during that deposition and attached to Ms. Hauff's deposition transcript.

24. Attached as **Exhibit 23** is a true and correct copy of Defendant's July 10, 2022, Answers to Plaintiff's First Set of Interrogatories.

25. Attached as **Exhibit 24** is a true and correct copy of Defendant's June 29, 2022, Response to Plaintiff's First Set of Requests for Admission.

26. Attached as **Exhibit 25** are true and correct copies of excerpts from the transcript of Dr. David Hilden's January 3, 2023 deposition.

27. Attached as **Exhibit 26** are true and correct copies of excerpts from the transcript of Dr. Laura Nezworski's December 6, 2022 deposition.

28. Attached as **Exhibit 27** are true and correct copies of excerpts from the transcript of Dr. Daniel Hoody's November 7, 2022 deposition.

29. Attached as **Exhibit 28** is a true and correct copy of Defendant's April 3, 2023 Supplemental Answers to Plaintiff's First Set of Interrogatories.

30. I was present for a meet and confer with Plaintiff's counsel on October 13, 2022. During that meeting, Defendant informed Plaintiff that several of the topics listed in Plaintiff's Rule 30(b)(6) notice were inappropriate for a 30(b)(6) deposition because they sought information regarding fact (not "corporate") issues, and that these topics were more appropriately suited for fact depositions, interrogatories, and/or document requests. Defendant also informed Plaintiff on October 13 that its Rule 30(b)(6) designees would be the same witnesses whom Plaintiff had already noticed for fact depositions, and Defendant proposed combining the witnesses' fact depositions with their 30(b)(6) depositions to promote efficiency. Plaintiff was not agreeable to that proposal.

31. I was present for and defended Jennifer Hauff's deposition on November 17, 2022. The deposition lasted approximately three hours, leaving plenty of time to conduct both a fact and a Rule 30(b)(6) deposition. Plaintiff had ample opportunity to ask Ms. Hauff questions regarding the 30(b)(6) topics for which she had been designated. Indeed, Plaintiff did ask Ms. Hauff questions relating to several of the 30(b)(6) topics (*e.g.* topics 1-3, 10-11, 15-18). During an off-the-record discussion mid-way through the deposition, I reiterated Defendant's proposal that it had previously made on October 13 to combine Ms. Hauff's fact deposition with her 30(b)(6) deposition for efficiency purposes and to respect everybody's time. Plaintiff declined and insisted that Ms. Hauff must be called back for a second

deposition to answer 30(b)(6) questions separate from her fact deposition. However, Plaintiff never followed-up after the November 16 fact deposition to schedule Ms. Hauff's 30(b)(6) deposition.

32. I was present for and defended Dr. Laura Nezworski's deposition on December 6, 2022. The deposition lasted approximately 2 hours, leaving plenty of time to conduct both a fact deposition and a 30(b)(6) deposition. Plaintiff had ample opportunity to ask Dr. Nezworski questions regarding the 30(b)(6) topic for which she had been designated (topic 30). Indeed, Plaintiff did ask Dr. Nezworski questions relating to that topic. After the December 6 fact deposition, Plaintiff never followed-up to schedule Dr. Nezworski's 30(b)(6) deposition.

33. I was present for Dr. David Hilden's deposition on January 3, 2023. The deposition lasted approximately 4 hours, leaving plenty of time for Plaintiff to conduct both a fact deposition and a 30(b)(6) deposition. Plaintiff had ample opportunity to ask Dr. Hilden questions regarding the 30(b)(6) topics for which he had been designated. Indeed, the majority of Dr. Hilden's deposition was devoted to questions relating to the 30(b)(6) topics (*e.g.*, topics 1-3, 6-8, 10-12, 14, 16, 19-20, 22-23, 27, 29, 31). Plaintiff did not bring up the parties' outstanding dispute regarding the scope of 30(b)(6) topics immediately leading up to, on the day, or immediately following Dr. Hilden's January 3 deposition.

34. Defendant did not hear at all from Plaintiff until January 24, 2023, three weeks after Dr. Hilden's January 3 deposition. However, at that point, Plaintiff was no longer interested in discussing a 30(b)(6) deposition. Rather, she had shifted her focus to seeking an increase in the deposition limit to allow depositions of all 26 MEC members.

35. The first time Plaintiff brought up the 30(b)(6) issue again was on February 28, 2023, during the informal dispute resolution (IDR) conference with the Court. To Defendant's surprise, Plaintiff stated that she was waiting to hear back from Defendant to schedule the 30(b)(6) deposition. Defendant was surprised to hear this because Plaintiff had not pursued the issue in two and one-half months, and the parties were less than 3 weeks away from the March 16, 2023, discovery deadline (which had already been extended by three months). Defendant had not heard from Plaintiff on this issue since mid-December 2022.

36. I was present for a meet and confer with Plaintiff's counsel on February 28, 2023. During that meeting, Defendant informed Plaintiff that it would be very difficult to schedule, prepare for and defend several MEC depositions, and also schedule, prepare for and defend multiple 30(b)(6) depositions on such little notice. Nevertheless, in an effort to try and reach resolution, Defendant offered to re-review the 30(b)(6) topics to see if there was any additional room for compromise.

37. I attended a meet and confer with Plaintiff's counsel on March 14, 2023. During that meeting, Defendant stated it was not practicable to schedule, prepare for and defend 30(b)(6) depositions in less than two days, by the March 16, 2023, discovery deadline. Defendant stated that it would need additional time to review Plaintiff's proposals to designate prior fact testimony as 30(b)(6) testimony, and Plaintiff still had not sent her proposals, despite promising to send them sooner and despite there only being two days left before the fact discovery deadline. Plaintiff agreed once again to send Defendant her proposed 30(b)(6) designations, but after the Court granted the parties' request for an extension of the discovery deadline to continue discussing this issue, Defendant did not hear back from Plaintiff.

38. I attended a meet and confer with Plaintiff's counsel on March 29, 2023, to discuss the outstanding 30(b)(6) dispute. During that meeting, Plaintiff explained that the reason she was still pursuing a 30(b)(6) deposition was because she had not gotten to take the depositions of all 26 MEC members, and she was "entitled" to it. Defendant offered to supplement its answers to Plaintiff's first set of interrogatories in an attempt to resolve the parties' dispute regarding 30(b)(6) topic 4. Plaintiff declined and actually asked Defendant *not* to supplement its interrogatory answers, indicating she was not open to a discussion about resolving that particular 30(b)(6) topic.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 3, 2023

                                          MARY F. MORIARTY
                                        HENNEPIN COUNTY ATTORNEY

                                        By: _/s/ *Katlyn Lynch*_____
                                            Katlyn Lynch (398242)
                                            Assistant Hennepin County Attorney
                                            A-2000 Government Center
                                            300 South Sixth Street
                                            Minneapolis, MN 55487
                                            Telephone: (612) 348-9653
                                            Katie.Lynch@hennepin.us
                                            *Attorney for Defendant Hennepin County*