UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dr. Tara Gustilo, M.D., <br><br> Plaintiff, <br><br> v. <br><br> Hennepin Healthcare System, Inc. <br><br> Defendant. | Case No. 22-cv-352 (SRN/HB) |

# DECLARATION OF ANNE N. ST. AMANT

Anne N. St. Amant, Esq., pursuant to Minn. Stat. § 358.116, does state and declare as follows:

1. I am an attorney duly licensed to practice law in the State of Minnesota. I, along with Daniel J. Cragg, Esq., represent Plaintiff Dr. Tara Gustilo ("Gustilo" or "Plaintiff") in the above captioned matter. This declaration is made upon personal knowledge unless noted otherwise.

2. Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's October 3, 2022 30(b)(6) Notice of Hennepin Healthcare System, Inc. ("Defendant" or (HHS")).

3. On Thursday, October 13, 2022, I, along with Mr. Cragg, met and conferred with Defendant regarding the noticed topics. During this meet and confer, counsel for Defendant, Mr. Matthew Frantzen and Ms. Katie Lynch (collectively "counsel for Defendant") questioned the need for a 30(b)(6) deposition when the Parties were currently

1

working on scheduling four depositions noticed by Plaintiff, which included the depositions of Dr. David Hilden, Dr. Daniel Hoody, Dr. Nezworski, and Ms. Jennifer Hauff. Mr. Cragg attempted to explain to Defendant's counsel that Plaintiff wished to exercise the mechanisms afforded to her under Rule 30 of the Federal Rules of Civil Procedure to depose HHS—and the key differences in the testimony of individual witnesses as opposed to an organization. Defendant suggested the idea of designating certain individuals for certain topics so that such witnesses would be able to sit for both depositions on the same day. Mr. Cragg and I expressed that we were not opposed to the idea. the Parties came to no certain agreement upon the topics of the 30(b)(6) Notice or the designations during this meeting but agreed to meet and confer further in an effort to come to some resolution.

4.      Attached hereto as **Exhibit B** is a compilation of true and correct copies of the noticed depositions of Dr. David Hilden, Dr. Daniel Hoody, Dr. Nezworski, and Jennifer Hauff, which were all noticed on October 3, 2022.

5.      On October 28, 2022, Defendant served its objections. Attached hereto as **Exhibit C** is a true and correct copy of Defendant's objections to Plaintiff's 30(b)(6) Notice.

6.      On November 2, 2022, Plaintiff's counsel corresponded with Defendant's counsel regarding Defendant's objections to make clear that Defendant must produce a designee for the noticed topics absent a protective order from the Court. Defendant responded to this November 2, 2022 correspondence. Attached hereto as **Exhibit D** is a true and correct copy of this correspondence between myself and Mr. Frantzen.

7.  Attached hereto as **Exhibit E** is a true and correct copy of excerpts from the deposition of Dr. Daniel Hoody, dated November 7, 2022.

8.  Attached hereto as **Exhibit F** is a true and correct copy of Plaintiff's proffered 30(b)(6) designations from the testimony of Dr. Daniel Hoody, sent to counsel for Defendant on March 28, 2022.

9.  Attached hereto as **Exhibit G** is a true and correct copy of excerpts from the deposition of Jennifer Hauff, dated November 16, 2022.

10. Attached hereto as **Exhibit H** is a true and correct copy of Plaintiff's proffered 30(b)(6) designations from the testimony of Jennifer Hauff, sent to counsel for Defendant on March 28, 2022.

11. At the time that Ms. Hauff's deposition was taken, the parties had not come to an agreement on the method in which the depositions of the 30(b)(6) designated representatives were to be taken. Thus, on November 16, 2022, only Ms. Hauff's individual deposition was noticed to be taken.

12. Throughout Ms. Hauff's deposition, it became apparent that she was not adequately prepared to testify regarding some of Plaintiff's 30(b)(6) noticed topics.

13. On an off-the-record break during Ms. Hauff's deposition, counsel for Defendant asked whether Plaintiff would depose Hauff as HHS's 30(b)(6) witness that same day, or, whether such testimony from her individual deposition could be designated as 30(b)(6) testimony.

14. Counsel for Plaintiff stated that Plaintiff would not depose Ms. Hauff as HHS's 30(b)(6) representative that day as HHS's designated representative, it appeared Ms. Hauff

did not adequately prepare to testify on the noticed topics and the parties had never confirmed that Ms. Hauff's 30(b)(6) deposition would be taken that day.

15. After I provided these reasons, counsel for Defendant did not pursue Ms. Hauff's 30(b)(6) deposition any further.

16. Attached hereto as **Exhibit I** is a true and correct copy of excerpts from the deposition of Dr. Laura Nezworski, dated December 6, 2022.

17. Attached hereto as **Exhibit J** is a true and correct copy of Plaintiff's proffered 30(b)(6) designations from the testimony of Dr. Laura Nezworski, sent to counsel for Defendant on March 28, 2022.

18. Attached hereto as **Exhibit K** is a true and correct copy of Plaintiff's proffered 30(b)(6) designations from the testimony of Dr. David Hilden, sent to counsel for Defendant on March 28, 2022.

19. Throughout the months of December and January, the parties worked to schedule several of the previously-noticed depositions, as well as met and conferred regarding the potential to depose the members of the medical executive committee.

20. On February 28, 2023, in a meet and confer immediately following informal dispute resolution with the Court, I, along with Mr. Cragg inquired to Defendant's counsel as to when we could reschedule Plaintiff's 30(b)(6) Deposition of HHS. During this meet and confer, Mr. Cragg once again reiterated that it was Defendant's obligation to seek a protective order. Counsel for Defendant once again stated they would look at the remaining disputed topics to discern whether further compromises could be made.

21. On March 7, 202, I emailed Mr. Frantzen to inquire on the status of the 30(b)(6) topics. Mr. Frantzen responded to this inquiry on the same day. On March 8, 2023, I responded to Mr. Frantzen's email. Attached hereto as **Exhibit L** is a true and correct copy of this correspondence between myself and Mr. Frantzen.

22. During this email correspondence, I offered the prospect of designating previous deposition testimony in an attempt to compromise as counsel for Defendant had previously suggested designating individual witnesses' testimony in a prior meet and confer as well as during the deposition of Mr. Hauff.

23. On March 9, 2023, due to a family emergency, Dr. Gustilo was unable to sit for her deposition. It was agreed upon by the parties that the deposition of Dr. Gustilo would likely need to be pushed back.

24. On March 10, 2023, Ms. Lynch confirmed that Plaintiff's 30(b)(6) deposition of HHS was scheduled to take place on the last day of discovery, March 16, 2023. Attached hereto as **Exhibit M** is a true and correct copy of this correspondence.

25. On March 13, 2023, I once again corresponded with Ms. Lynch to confirm that Plaintiff's 30(b)(6) deposition of HHS was set to occur on March 16, 2023. Attached hereto as **Exhibit N** is a true and correct copy of this correspondence.

26. On March 14, 2023, Plaintiff served an amended 30(b)(6) Notice on Defendant to confirm the agreed upon time, date, and Zoom information for the deposition of HHS. Attached hereto as **Exhibit O** is a true and correct copy of this correspondence.

27. On this date, the Parties once again met and conferred via zoom regarding the upcoming 30(b)(6) Notice. During this meeting, Defendant's counsel stated that its

designees were not prepared to testify on March 16, 2023 as Defendant's counsel had not had time to prepare such witnesses. It was agreed upon during this meeting that the Parties would stipulate to extend discovery for the limited purpose to take the depositions of Dr. Gustilo and of HHS.

28. During this Zoom meeting, Defendant's counsel assured Plaintiff's counsel that because the 30(b)(6) deposition would be once again delayed, Plaintiff's counsel could take more time in completing Defendant's designations. During this meeting, the Parties also agreed that Plaintiff's counsel would write the initial draft of the stipulation to submit to the Court.

29. I then continued to work through designations of the deposition testimony of Dr. Hilden, Dr. Hoody, Ms. Hauff, and Dr. Nezworski, which totaled approximately five hundred pages of deposition testimony.

30. On March 24, 2023, Defendant served supplemental responses and objections to Plaintiff's 30(b)(6) Notice. Attached hereto as **Exhibit P** is a true and correct copy of Mr. Frantzen's email correspondence and Defendant's supplemental responses and objections to Plaintiff's 30(b)(6) Notice, which were attached to this email correspondence.

31. On March 28, 2023 I sent the designations of the deposition transcripts of Dr. Hilden, Dr. Hoody, Ms. Hauff, and Dr. Nezworski to Defendant's counsel for review. In the same email correspondence, I inquired as to whether Defendant still intended to produce designated representatives for its 30(b)(6) deposition. Attached hereto as **Exhibit Q** is a true and correct copy of this correspondence.

32. On March 29, 2023, I, along with Mr. Cragg, met and conferred with counsel for Defendant. Defendant's counsel raised new issues with the wording of the topics—particularly taking issue with the phrase "any and all" on topics that Defendant had previously selected designated representatives to testify on. During this meet and confer, Defendant's counsel provided no substantial explanation for the sudden refusal to provide designees for the previously-agreed upon topics beyond once again reciting that Plaintiff had the opportunity to depose several fact witnesses. Mr. Cragg yet again reiterated the purpose of the 30(b)(6) deposition and why Plaintiff sought to obtain HHS's testimony regarding aspects of her demotion. I also assured counsel for Defendant that the designations would likely dispose of several topics, or in the very least, narrow the scope of such topics. I asked Defendant's counsel to review the designations, but never received an email confirming they did so.

33. On Friday, March 31, 2023 Defendant deposed the Plaintiff. During the deposition, Defendant introduced an exhibit that did not contain a bates number and appeared to had not been produced by Defendant. Attached hereto as **Exhibit R** is a true and correct copy of this Exhibit.

FURTHER YOUR DECLARANT SAYETH NAUGHT

I declare under penalty of perjury that everything I have stated in this document is true and correct. Executed this 10th day of April, 2023, in the City of Scottsdale and State of Arizona.

/s/ A<small>NNE</small> N. S<small>T</small>. A<small>MANT</small>
Anne N. St. Amant