UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tara Gustilo, M.D., <br><br> Plaintiff, <br><br> v. <br><br> Hennepin Healthcare System, Inc., <br><br> Defendant. | Case No.: 0:22-cv-00352-SRN-DJF <br><br> **ORDER** |

Aaron Mark Bostrom, Anne St. Amant, Bailey Stubbe, & Daniel J. Cragg, Eckland & Blando, 800 Lumber Exchange Building, 10 South Fifth Street, Minneapolis, MN 55402; and Douglas P. Seaton & James V. F. Dickey, Upper Midwest Law Center, 8421 Wayzata Boulevard, Suite 300, Golden Valley, MN 55426, for Plaintiff.

Katlyn Lynch, Kelly K. Pierce, & Matthew S. Frantzen, Hennepin County Attorney's Office Civil Division, MC 137, 300 South Sixth Street, Suite A1300, Minneapolis, MN 55487, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Tara Gustilo's Objections to Defendant's Designations of Its Own 30(b)(6) Testimony [Doc. 152]. For the reasons below, the Court overrules Dr. Gustilo's objections.

**I.    BACKGROUND**

In anticipation of trial, the parties each designated deposition testimony that they intend to introduce at trial. (Docs. 140 & 142.) Dr. Gustilo designated several excerpts from a May 2023 deposition of David Hilden, M.D. (Doc. 142 at 1.) And Defendant Hennepin Healthcare System, Inc. (HHS) counter-designated additional excerpts from that

1

deposition, along with excerpts of a January 2022 deposition of Dr. Hilden and depositions of Daniel Hoody, M.D., Jennifer Hauff, and Laura Nezworski, M.D.  (Doc. 140 at 1–2.)  The parties agree that all designations are part of a deposition of HHS under Federal Rule of Civil Procedure 30(b)(6).

Dr. Gustilo objects to HHS's designations on various grounds.  (Doc. 152 at 3–4.)  Each objection is premised on her theory that "counter-designations of a party's own 30(b)(6) testimony may only be offered into evidence if they are necessary to avoid presenting evidence out of context or leading to misinterpretation of the evidence by the trier of fact."  (*Id.* at 2–3.)

## II.    ANALYSIS

Under Federal Rule of Civil Procedure 30(b)(6), when a party names a public corporation as a deponent, "[t]he named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify."  Under Rule 32, an "adverse party" may then use the deposition testimony at trial "for any purpose."  Fed. R. Civ. P. 32(a)(2).  And if the party "offers in evidence only part of" the deposition, "an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts."  Fed. R. Civ. P. 32(a)(6).  In short, an offeror who is adverse to a corporation may introduce any part of the corporation's deposition for any purpose.  But by doing so, the offeror opens the door to two possibilities:  (A) the corporation may require

2

her to introduce other parts that in fairness should be considered with the part she introduced, and (B) any party may itself introduce any other parts.

Here, Dr. Gustilo is the offeror. She is adverse to HHS and may therefore introduce any portion of HHS's 30(b)(6) deposition for any purpose. But once she does so, HHS may require her to introduce other parts of the deposition that in fairness should be considered with her designations. And HHS may itself introduce any other parts of the deposition.

### A.     HHS may require Dr. Gustilo to introduce its counter-designations.

The Court finds that HHS "may require [Dr. Gustilo] to introduce" its counter-designations because they "in fairness should be considered with" Dr. Gustilo's designations. Fed. R. Civ. P. 32(a)(6).

Starting with Dr. Hilden's May 2023 testimony [Doc. 61], Dr. Gustilo seeks to introduce lines 81:20 to 91:15 but keep out lines 85:12 to 86:14 and 86:25 to 87:23. (Doc. 152 at 2.) In Dr. Gustilo's designations, Dr. Hilden lists several ways that her *on-duty* behavior disrupted the OB-GYN Department. He mentions that her "intimidating style about her personal viewpoints" prompted physicians "to look for other work. To declare their intention to leave the organization." (Doc. 61 at 82:5–9, 85:6–11.) Specifically, she would "pull[ ] people aside . . . to convince them [of the] rightness of her views," "blame[ ] them when they don't agree," and then "persist[ ] repeatedly to try to persuade them of her personal views in the workplace on company time." (*Id.* at 84:18–85:11.) He also mentions that she "intimidat[ed]" physicians to agree to pay cuts to increase pay for other staff (*id.* at 82:10–22), and that she argued that COVID was not

3

dangerous and "asked her own employees to come to work in the face of COVID" while she herself "stayed home for nine weeks" (*id.* at 83:14–84:16). However, Dr. Hilden does not mention Dr. Gustilo's personal activity on Facebook. In HHS's designations, by contrast, Dr. Hilden starts to address topics that Dr. Gustilo covered in her Facebook posts. He mentions that she insisted on sharing her opinions about malfeasance by China related to the pandemic, and that she denied the existence of structural causes of health outcome disparities. (*Id.* at 85:12–86:14.) He also explains that his list of disruptive behaviors is not exhaustive. (*Id.* at 86:25–87:23.)

The Court finds that the lines designated by HHS should be included with the rest of the ten pages designated by Dr. Gustilo. If HHS's designations are excised, the jury might get the impression that HHS did not mention Dr. Gustilo's Facebook activity among the behaviors that it found disruptive. HHS's counter-designations help complete the picture and prevent this misconception.

Moving to Dr. Hilden's January 2022 testimony [Doc. 60], HHS designates lines 36:21 to 38:12, 41:1 to 42:19, 43:21 to 46:2, 57:11 to 59:12, and 81:8 to 86:22. (Doc. 140 at 2.) Dr. Gustilo objects to them all. (Doc. 152 at 2.) In these excerpts, Dr. Hilden lists more concerns about disruption. He mentions that HHS was concerned that Dr. Gustilo's opinions might be attributed to HHS because she shared them on the "same Facebook account" where she had recently "advertised herself as the chair of the HHS OB/GYN department" (Doc. 60 at 36:21–38:12), that physicians were offended by Dr. Gustilo's use of the term "China virus" on Facebook (*id.* at 41:1–42:19, 57:11–59:12), that physicians feared speaking with Dr. Gustilo because she chose to "spen[d] her time in her official

4

capacity trying to convince her employees of her own political views" (*id.* at 43:21–46:2), that a physician at another hospital was no longer comfortable referring patients to HHS's birthing program and donors were no longer comfortable donating (*id.* at 82:16–85:7), that patients may stop wanting to get their care from HHS (*id.* at 85:8–18), and that four physicians in the OB-GYN Department had indicated an intent to leave HHS if the environment did not change (*id.* at 85:19–86:22).

The Court finds that these excerpts should also, in fairness, be considered with Dr. Gustilo's designations. They are additional items on the list of HHS's concerns about disruption. As such, they help complete the picture of HHS's testimony about behaviors it found disruptive.

Next, the Court turns to Dr. Hoody's testimony [Doc. 54-2 at 129–64]. HHS designates lines 40:1 to 43:11, 49:8 to 52:11, and 58:3 to 58:8. (Doc. 140 at 2.) And Dr. Gustilo objects to them all. (Doc. 152 at 2.) This testimony covers the same concerns about Dr. Gustilo's Facebook use, her use of the term "China virus," and the reports that physicians were considering leaving HHS. For the same reasons, the Court finds that these designations provide helpful context regarding the full breadth of HHS's concerns about Dr. Gustilo's behavior. They should therefore in fairness be considered with Dr. Gustilo's designations.

Finally, the Court addresses the testimony of Ms. Hauff [Doc. 54-1 at 298–325] and Dr. Nezworski [Doc. 54-1 at 338–59]. HHS designates lines 23:8 to 25:7 of Ms. Hauff's testimony [Doc. 54-1 at 305] and lines 12:24 to 15:1 of Dr. Nezworski's testimony [Doc. 54-1 at 342–43]. (Doc. 140 at 2.) Again, Dr. Gustilo objects to them all. (Doc. 152 at 2.)

The excerpt from Ms. Hauff's testimony describes concerns that Dr. Gustilo's opinions on Facebook might be attributed to HHS.  (Doc. 54-1 at 305 (Tr. 23:8–25:7).)  And the excerpt from Dr. Nezworski's testimony describes concerns about Dr. Gustilo's opinions on China's involvement in the pandemic and her use of the term "China virus."  (Doc. 54-1 at 342–43 (Tr. 12:24–15:1).)  Dr. Nezworski testified that this behavior "caused multiple layers of people to lose trust in her, including nurses, midwifery staff, pediatric staff, nursery staff, providers in our department."  (*Id.* at 342 (Tr. 14:12–16).)  For the same reasons, the Court finds that these excerpts should in fairness be considered with Dr. Gustilo's designations.

### B. HHS may itself introduce its counter-designations.

Even if the Court were to find that HHS may not require Dr. Gustilo to introduce its counter-designations, the Court would find that HHS "may itself introduce" them.  Fed. R. Civ. P. 32(a)(6).  The rule is clear.  "If a party offers in evidence only part of a deposition, . . . any party may itself introduce any other parts."  *Id.*  Dr. Gustilo will offer part of HHS's Rule 30(b)(6) deposition, so any party may introduce any other parts of it.

Dr. Gustilo argues that Rule 32 does not allow HHS to introduce its own Rule 30(b)(6) testimony.  (Doc. 152 at 2–3.)  In support, she cites this Court's statement in a prior case that "Rule 32(a)(3) does not allow a party to use its own designee in this manner."  (*Id.* at 2 (quoting *In re RFC & RESCAP Liquidating Tr. Action*, No. 13-cv-3451, 2020 WL 504661, at *6 (D. Minn. Jan. 31, 2020)).)  But Rule 32(a)(3) is not at issue here.  Rule 32(a)(6) is at issue.

6

Turning to Rule 32(a)(6), Dr. Gustilo argues that "counter-designations of a party's own 30(b)(6) testimony may only be offered into evidence if they are necessary to avoid presenting evidence out of context or leading to misinterpretation of the evidence by the trier of fact." (Doc. 152 at 2–3.) In doing so, she leaves out the second clause of Rule 32(a)(6), which plainly states that "any party may itself introduce any other parts." (Doc. 152 at 2.) In support, she cites *Chevron Mining Inc. v. United States*, where a court in the District of New Mexico ruled that the Government could not introduce its counter-designations because "they [were] not necessary to avoid misinterpretation of the evidence or for completeness based on [the plaintiff's] affirmative designations." No. 1:13-cv-00328, 2021 WL 5742987, at *1 (D.N.M. Dec. 2, 2021). But the order in that case made the same mistake as Dr. Gustilo. It left out the second clause of Rule 32(a)(6). *See id.* ("[W]here one party offers part of a Rule 30(b)(6) deposition into evidence, the other party may 'require the offeror to introduce other parts that in fairness should be considered with the part introduced.'" (quoting Fed. R. Civ. P. 32(a)(6))). The Court therefore finds *Chevron Mining* unpersuasive.

When the Court brought the second clause to counsel's attention at the pretrial conference, counsel argued that giving the second clause its plain meaning would render the first clause superfluous. The Court disagrees. The first clause says that "an adverse party may *require the offeror* to introduce other parts," while the second clause says that "any party may *itself* introduce any other parts." Fed. R. Civ. P. 32(a)(6) (emphasis added). In other words, the first clause applies when Dr. Gustilo, the offeror, presents her case. At that time, HHS may require Dr. Gustilo to introduce its counter-designations only if they

7

in fairness should be considered with Dr. Gustilo's designations. The second clause applies when HHS presents its own case. At that time, HHS may itself introduce any of its counter-designations, regardless of any fairness consideration. HHS's ability to present parts of its 30(b)(6) deposition during its own case does not render superfluous the clause governing its ability to require Dr. Gustilo to present parts of the 30(b)(6) deposition during her case.

All told, the Court finds under Rule 32(a)(6) that HHS's counter-designations in fairness should be considered with Dr. Gustilo's designations, so the Court overrules Dr. Gustilo's objections. Dr. Gustilo may, of course, forego offering her 30(b)(6) designations in favor of live testimony at trial. But if she does so, she must also offer HHS's counter-designations. As discussed at the pretrial conference, the Court will entertain a proposed jury instruction on this topic.

### III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections to Defendant's Designations of Its Own 30(b)(6) Testimony [Doc. 152] are **OVERRULED**.

Dated: June 10, 2025

/s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge

8