UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tara Gustilo, M.D.,<br><br>  Plaintiff,<br><br>v.<br><br>Hennepin Healthcare System, Inc.,<br><br>  Defendant. | Case No.: 0:22-cv-00352-SRN-DJF<br><br>**ORDER** |

Aaron Mark Bostrom, Anne St. Amant, Bailey Stubbe, & Daniel J. Cragg, Eckland & Blando, 800 Lumber Exchange Building, 10 South Fifth Street, Minneapolis, MN 55402; and Douglas P. Seaton & James V. F. Dickey, Upper Midwest Law Center, 8421 Wayzata Boulevard, Suite 300, Golden Valley, MN 55426, for Plaintiff.

Katlyn Lynch, Kelly K. Pierce, & Matthew S. Frantzen, Hennepin County Attorney's Office Civil Division, MC 137, 300 South Sixth Street, Suite A1300, Minneapolis, MN 55487, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

  This matter is before the Court on Plaintiff Tara Gustilo's Request for Judicial Notice [Doc. 155]. For the reasons below, the Court denies the request.

**I. BACKGROUND**

  After the Eighth Circuit remanded this matter back to this Court (Doc. 81) and this Court denied Defendant Hennepin Healthcare System's (HHS) supplemental motion for summary judgment (Doc. 122; Doc. 143), the parties agreed that Dr. Gustilo's First Amendment retaliation claim should be tried in two separate trials (Doc. 130 at 1). The first trial will focus on "whether Dr. Gustilo's Facebook posts were disruptive, as that term

1

is used in cases in the Eighth Circuit involving the *Pickering* balancing test." (*Id.*) The jury will answer six factual questions which will assist the Court in balancing the *Pickering* factors:[1]

1. Did HHS's OB-GYN Department have a need for harmony and close working relationships in the workplace?

2. Did Dr. Gustilo's 2020 Facebook posts cause, or could they reasonably have caused, disharmony or disruption in the workplace?

3. Were the time, place, and manner of Dr. Gustilo's 2020 Facebook posts such that they could have been attributed to HHS's OB-GYN Department?

4. Did Dr. Gustilo's 2020 Facebook posts arise from a personal dispute between her and her employer, her academic interest in matters of public concern outside of work, both, or neither?

5. Did Dr. Gustilo's 2020 Facebook posts contain unique perspectives on the issues on which she was commenting or contribute previously unknown facts to the public debate?

6. Did Dr. Gustilo's 2020 Facebook posts impair her ability to perform her duties as Chair of the OB-GYN Department?

*See generally Shands v. City of Kennett*, 993 F.2d 1337, 1342 (8th Cir. 1993). The second trial, "if necessary," will focus on "the issues of causation and damages." (Doc. 130 at 1.)

---

[1] The *Pickering* factors are "(1) the need for harmony in the work place; (2) whether the government's responsibilities require a close working relationship; (3) the time, manner, and place of the speech; (4) the context in which the dispute arose; (5) the degree of public interest in the speech; and (6) whether the speech impeded the employee's ability to perform his or her duties." *Noon v. City of Platte Woods*, 94 F.4th 759, 764 (8th Cir. 2024). (*See also* Doc. 143 at 12–27 (explaining how the *Pickering* factors apply to this case).)

In anticipation of the first trial, HHS filed a motion in limine. (Doc. 138.) It requested, as relevant here, that Dr. Gustilo be precluded from "transform[ing]" the trial "into a soapbox . . . to mount or a vehicle to advance her favored position on the political and cultural issues of the day." (*Id.* at 5.) The special interrogatories that the jury will answer have little to do with the merits of Dr. Gustilo's opinions, and everything to do with whether HHS's interests, "as an employer, in promoting the efficiency of the public services it performs through its employees" outweigh Dr. Gustilo's interests, "as a citizen, in commenting upon matters of public concern." *Shands*, 993 F.2d at 1342 (quoting *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568 (1968)). So the Court granted HHS's motion "to the extent that it seeks to preclude arguments that Dr. Gustilo's opinions were right or wrong." (Doc. 154 at 4.) The Court explained that "[t]he parties may present evidence and testimony about how Dr. Gustilo's posts were perceived by others to show how the posts impacted, or had the potential to impact, HHS's operations and Dr. Gustilo's ability to lead the [OB-GYN] Department. But this trial will not be a forum for debating the merits of her opinions." (*Id.*)

After the Court ruled on the motion in limine, Dr. Gustilo filed a Request for Judicial Notice [Doc. 155]. She asks the Court to judicially notice two alleged facts that she believes are necessary to counter the potential argument that her Facebook posts were "blatantly racist," "thoughtless," and "reckless." (Doc. 155 at 1 (quoting Doc. 137 at 2–3).) First, she claims that "[m]ultiple government organizations have concluded that COVID-19 originated from a lab leak in Wuhan, China" and that "the World Health Organization 'caved' to the Chinese Community [sic] Party, allowing it to conceal the

3

severity of the Pandemic." (*Id.* at 4–5.) Second, she claims that "[i]n each year from 2015 through 2019, police in the U.S. killed more white persons than black persons." (*Id.* at 6.) In support, Dr. Gustilo cites and attaches a U.S. House of Representatives Oversight Committee report, a whitehouse.gov webpage, articles by several news organizations, articles by special interest groups, and a Washington Post database. (*Id.* at 5–7 n.6–12.)

**II.     ANALYSIS**

Under Federal Rule of Evidence 201, a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A party requesting judicial notice must "suppl[y]" the court "with the necessary information." Fed. R. Evid. 201(c)(2). And if the party does so in a civil case, the court "must instruct the jury to accept the noticed fact as conclusive." Fed. R. Evid. 201(f). However, Rule 201 governs only judicial notice of *adjudicative* facts, Fed. R. Evid. 201(a), that is, facts "concerning the immediate parties who did what, where, when, how, and with what motive," *United States v. Gould*, 536 F.2d 216, 219 (8th Cir. 1976) (citation omitted), which "normally go to the jury in a jury case," *United States v. Lopez*, 880 F.3d 974, 982 (8th Cir. 2018) (quoting *Qualley v. Clo–Tex Int'l, Inc.*, 212 F.3d 1123, 1128 (8th Cir. 2000)). Rule 201 does not govern legislative facts, which are "established truths, facts or pronouncements that do not change from case to case but apply universally." *Id.* (quoting *Gould*, 536 F.2d at 220). Moreover, a court may not judicially notice evidence "in contravention of the

4

relevancy, foundation, and hearsay rules." *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009).

Dr. Gustilo has not met her burden to show that her alleged facts meet Rule 201's demanding standard. The alleged facts are derived largely from political sources, and they are argumentative. *See Ng v. Bd. of Regents of Univ. of Minn.*, 64 F.4th 992, 994 n.2 (8th Cir. 2023) (declining to judicially notice "[t]he contents of" a public letter by a public university regent because they are "not generally known nor determinable from unquestionable sources but argumentative"). They are not basic and indisputable (or undisputed) adjudicative facts like the fact of a defendant's prior conviction based on a "charging document, guilty plea, and state-court judgment," *United States v. Wings*, 106 F.4th 793, 795 (8th Cir. 2024), the fact that a person has registered as a sex-offender based on public registration records, *Bacon v. Neer*, 631 F.3d 875, 878 (8th Cir. 2011), or the details of a contract and patent application "placed in the record without objection," *OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Rsch.*, 851 F.3d 800, 802 (8th Cir. 2017). Rather, they are complex and reasonably disputed facts that are not specific to the parties. The Court may not take judicial notice of such alleged facts. *See Qualley*, 212 F.3d at 1128 (finding error where district court judicially noticed—based on a "Congressional report," a "Senate committee report," newspaper articles, and news broadcasts—that "at all times pertinent to th[e] lawsuit, there were Nigerian fraud scams perpetrated on people in the United States and other countries in the world" involving "oil deals that never materialized"); *cf. Hargis v. Access Cap. Funding, LLC*, 674 F.3d 783, 792–93 (8th Cir. 2012) (finding no abuse of discretion where district court denied request

5

for judicial notice of legislative materials, policy statements, and a preamble to a proposed rule).

Even assuming that Dr. Gustilo's alleged facts satisfy Rule 201, the Court finds that they run afoul of Federal Rule of Evidence 403.  The Court reaffirms its prior finding that the "probative value," if any, of evidence and argument on the merits of Dr. Gustilo's political opinions "is substantially outweighed by a danger of . . . confusing the issues, misleading the jury," and "wasting time."  Fed. R. Evid. 403.  (*See* Doc. 154 at 4.)  The jury's focus in this trial will be on whether Dr. Gustilo's Facebook posts caused, or could have caused, disharmony or disruption in the workplace, and whether they impaired Dr. Gustilo's ability to perform her duties as Chair of the OB-GYN Department.  (Doc. 143 at 12–27; Doc. 154 at 3–5; *see also* Eighth Circuit Model Civil Jury Instruction § 13.91.) The jury can use its own common sense to make its factual findings on these questions, so the probative value of Dr. Gustilo's alleged facts is marginal at best.  On the other side of the scale, the danger of confusing the issues, misleading the jury, and wasting time is high. An instruction by the Court on Dr. Gustilo's alleged facts would confuse the jury about which questions it is tasked with answering.  Plus, admitting the alleged facts would create a slippery slope, opening the door to contrary facts in support of contrary political views. If the trial is steeped in politically charged debates about race, policing, and Covid-19, the jury will be distracted from the questions before it, and the side-show from litigating these tangential issues will waste time.

Importantly, the Court's order precluding argument and evidence on the merits of Dr. Gustilo's political opinions applies to both parties.  Just as Dr. Gustilo may not present

evidence to validate her opinions, HHS may not present evidence to invalidate them. Both parties must focus instead on how her Facebook posts were, or could have been, perceived by HHS employees, patients, donors, and the public. HHS may present evidence that these people were offended by the posts, but it may not present evidence on the merits of the posts. Likewise, Dr. Gustilo may present evidence that people were unbothered by her posts, but she, too, may not present evidence on the merits of the posts.

### III.   ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Request for Judicial Notice [Doc. 155] is **DENIED**.


Dated:  June 18, 2025
/s/  Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge